BENJAMIN WAGNER CSBN 163581
United States Attorney
DONNA L. CALVERT SBN IL 619786
Acting Regional Chief Counsel, Region IX
Social Security Administration
ELIZABETH BARRY CSBN 203314
Special Assistant United States Attorney
    333 Market Street, Suite 1500
    San Francisco, California 94105
    Telephone:  (415) 977-8926
    Facsimile:  (415) 744-0134
    E-Mail: Elizabeth.Barry@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
**FRESNO DIVISION**

| | |
|---|---|
| PATRICIA COOKE, ) | Case No. 1:11-CV-01478-GSA |
|     Plaintiff, ) | |
| v. ) | STIPULATION AND ORDER |
| ) | TO REOPEN THIS CASE |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
|     Defendant.[1] ) | |
| ) | |

    IT IS HEREBY STIPULATED, by and between the parties, to reopen the above-captioned matter. A previous order of remand, pursuant to sentence six of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), was entered on April 6, 2012, for the purpose of correcting errors in the administrative correct and of locating missing portions of the administrative record

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Stip. & Prop. Re Reopening

(Order on Remand, Doc. 17). On November 20, 2012, an administrative law judge (ALJ) held a subsequent hearing, at which Plaintiff testified, resulting in a January 11, 2013 decision and finding that Plaintiff is not disabled.

Under sentence six of 42 U.S.C. § 405(g), "[t]he court may, on motion of the Commissioner of Social Security made for good cause before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security." 42 U.S.C. § 405(g). The remanding court retains jurisdiction when it remands under sentence six. See Shalala v. Schaefer, 509 U.S. 292, 297 (1993) ("[i]mmediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand"). In the instant case, this Court remanded pursuant to sentence six, and retains jurisdiction. See id. Given the subsequent unfavorable decision, reopening is appropriate.

The parties stipulate to reopen this matter for resolution before this Court.

Respectfully submitted,

Dated: June 6, 2013        */s/ Sengthiene Bosavanh*
                           (as authorized via e-mail)
                           SENGTHIENE BOSAVANH
                           Attorney for Plaintiff


Date: June 6, 2013         BENJAMIN B. WAGNER
                           United States Attorney

                           By *s/ Elizabeth Barry*
                           ELIZABETH BARRY

Stip. & Prop. Re Reopening                    2

Special Assistant U. S. Attorney

Attorneys for Defendant

<u>ORDER</u>

Upon are review of the stipulation, the Clerk of the Court is ordered to reopen this case. A new scheduling order will be issued setting deadlines in this case.

IT IS SO ORDERED.

Dated:  **June 7, 2013**                       **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE